```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IMMIGRATION JUSTICE CLINIC
OF THE BENJAMIN N. CARDOZO
SCHOOL OF LAW,

                Plaintiff,

        v.                                  12 Civ. 1874

UNITED STATES
DEPARTMENT OF STATE,

                Defendant.
------------------------------x
                                        October 17, 2012
                                        9:45 a.m.
Before:

                HON. GEORGE B. DANIELS

                                        District Judge

                        APPEARANCES

LINDSAY NASH
BETSY GINSBERG
    Attorneys for Plaintiff

PATRICIA L. BUCHANAN
    Attorney for Defendant
```

        (Case called)

        (In open court)

        MS. NASH:  Lindsay Nash, Immigration Justice Clinic.

        MS. GINSBERG:  Betsy Ginsberg for the plaintiff Immigration Justice Clinic.

        MS. BUCHANAN:  Good morning, your Honor.  Patricia

1     Buchanan for the U.S. Department of State.

2              THE COURT:  Good morning, Ms. Buchanan.  I have
3     reviewed pretty much all of the cases that were submitted, and
4     I'm on the verge of issuing a written opinion.  Let me indicate
5     to you now that, Ms. Buchanan, my position is I don't see any
6     case that stands for the proposition that you are putting forth
7     here that this is somehow pertaining to the issuance or denial
8     of a visa.  There is no issuance, and there is no denial of a
9     visa, and it seems to me that that language is clear.  And the
10    revocation of a visa is in a totally different section, so even
11    if I were to apply that, it still is not even related to the
12    revocation of a visa.

13             So, the argument that you have made is that if this
14    was not in the visa class file it would be disclosable; because
15    it's in the visa class file, that gives it protection, even
16    though there is no assertion that the information was either
17    gathered to make a visa determination, that it was utilized in
18    making a decision to either reject or issue a visa.

19             Even if I were to accept the interpretation that you
20    are putting forth, your interpretation would be that because
21    it's related it could possibly be related to a possible visa
22    application and, therefore, for that reason be put into the
23    visa file, that that would make it confidential.  But the
24    statute doesn't say that it's confidential because it pertains
25    to a visa; it says it's confidential because it pertains to the

1    issuance or refusal of a visa, which I can't say that that

2    language is superfluous.  It's got to be either the issuance or

3    the refusal of a visa.  The only way it seems to me to

4    interpret that language is it is in fact utilized in making

5    such a judgment, and the rationale behind that would be that

6    the agency is entitled to protect its decision-making process.

7    That seems to be the logic of it.

8        I don't see any case that would stand for the

9    proposition that simply because the argument is made that it is

10   kept in case it may be relevant if a visa application is made

11   and, therefore, it's kept in the class visa file, I don't see

12   any case that stands for the proposition that that falls within

13   the statute.

14       Even if I would stretch the argument, the argument

15   would be even if it wasn't in the class visa file, as long as

16   the agency kept it and said we're keeping it in case we need it

17   for some purpose, including if we decide if an application is

18   made for a visa, that that in and of itself would give it

19   confidentiality and protection under the statute.  That's not

20   what the statute says.

21       The statute doesn't say because you have it and you

22   think you might use it if a visa application is ever made, you

23   can make it confidential.  If that's not the case, it is a

24   stretch, and I think I would be the first judge to say so, that

25   in addition to that simply because it's put in the class visa

1   file because you believe that might be the case, that somehow

2   it is now cloaked with the confidentiality protection that the

3   statute provides for information that pertains to the issuance

4   or the refusal of a visa.  And here we have neither the

5   issuance nor the refusal of a visa, nor an application for the

6   issuance of a visa, nor any use by the agency to consider when

7   a visa should be issued.

8         So, I see no analogous situation in any of these cases

9   that would indicate that the statute was intending to make

10  confidential documents that are simply held and one could argue

11  that it might be quote relevant to a possible visa application

12  even though one does not exist.

13        So, I will probably today or tomorrow go ahead and

14  issue a quick written opinion to that effect.  What I will do

15  is I will -- I do not think that there is a basis for me --

16  well, I'm not going to say that.  Let me take that back.

17        I struggled with how you want to proceed, but I'm

18  going to give you that opportunity.  What I am going to say is

19  that you should provide within 60 days of receiving the

20  opinion -- which probably will be today or tomorrow, clearly

21  this week -- you should provide the document to the plaintiff.

22  Obviously that will give you plenty of time, gives you

23  statutory time to file an appeal.  If you want to seek a stay

24  of that order, then you can make a decision whether or not you

25  are going to appeal and whether you are going to seek a stay

1    from the Second Circuit and/or this court in terms of

2    proceeding.  Obviously it is an issue that is somewhat novel,

3    and it is an issue that either way sets some precedent in terms

4    of how to handle these cases.

5           But a strict reading of the statute, and giving

6    meaning to all of the words of the statute, it doesn't appear

7    to me that the circumstances under which this information was

8    gathered or retained was related to in any way, or pertains in

9    any way, to the refusal or the issuance of a visa.  And that's

10   what specifically the statute provides.

11          So, I clearly don't think the cases in the grand jury

12   circumstances are applicable to this case.  I think this is

13   clearly a straight statutory interpretation.  And I haven't

14   even looked at the revocation circumstances.  This may or may

15   not be similar analysis, but revocation is dealt in a totally

16   different statute, and the confidentiality and the ability to

17   refuse to turn over this information under FOIA is clearly a

18   statutory right that's explicitly provided.

19          So, I think the interpretation has to be consistent

20   with FOIA, that it has a broad disclosure and any of these

21   exemptions are to be narrowly construed in reading the plain

22   language of the statute, the underlying statutory intent

23   underlying the statute.

24          So, that's basically my position at this point.  So,

25   you can anticipate how you are going to proceed, but, as I say,

1  depending on when I get out of court today, today or tomorrow I
2  will go ahead and issue an opinion and have it up on ECF, so
3  you can make a judgment.  I clearly will give you 60 days to
4  determine what you want to do, how you want to proceed at this
5  point.
6  　　　　Why don't you just wait -- unless there is something
7  you want to put on the record now.  Either by letter
8  application or by motion you can let us know what you want to
9  do within that 60 day period, if you are not just going to go
10  ahead and turn it over in that time period, or work something
11  else out with the plaintiffs in terms of resolving this issue.
12  　　　　Is there anything else we need to address?
13  　　　　MS. BUCHANAN:  Let me just say, thank you, your Honor
14  for giving us an opportunity to submit the supplemental
15  briefing, and we appreciate your thoughtful consideration and
16  the time it will afford us to pursue our consideration of an
17  appeal.  Thank you.
18  　　　　THE COURT:  So, I will issue the opinion very quickly
19  and then I will wait to hear what you are going to do.
20  　　　　MS. NASH:  Thanks you, your Honor.
21  　　　　　　　　　　　　　　　- - -