UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IMMIGRATION JUSTICE CLINIC OF THE BENJAMIN N. CARDOZO SCHOOL OF LAW, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
|       Plaintiff, |
| v. |
| U.S. DEPARTMENT OF STATE, |
|       Defendant. |

Case No. 12 Civ. 1874

DECLARATION OF PETER L. MARKOWITZ

I, Peter L. Markowitz, hereby declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Director of the Immigration Justice Clinic at the Benjamin N. Cardozo School of Law ("IJC"). I am a member of the New York State bar and have litigated immigration-related matters in New York courts since 2002.

2. IJC is a nonprofit legal practice that was founded in 2008 to provide pro bono legal representation to indigent immigrants in removal proceedings and to perform other immigrants' rights litigation and advocacy.

3. Many of IJC's clients have left their home countries long ago, may be refugees or asylees, and have not retained (or may have never obtained) own immigration records. In those cases, the individuals' only basis for establishing a defense to removability or eligibility for relief may be through the files that the DOS unlawfully withholds. Accordingly, in order to adequately represent clients in removal proceedings, it is essential that IJC have access to government records regarding its clients.

4. All of IJC's clients lack the resources necessary to hire an attorney. Most of IJC's clients lack familiarity with the U.S. legal system and many lack the ability to speak or read in English. Therefore, they are often unable obtain their own immigration records and it is virtually impossible for them to understand or challenge DOS' invocations of exemptions in response to Freedom of Information Act requests.

5.  Some of IJC's clients have cognitive impairments or mental illnesses and cannot assist in their own defense.  They often lack basic information related to their personal immigration matters and, therefore, it is particularly important for IJC to be able to access government records containing information and documentation necessary to represent those clients in removal proceedings.

6.  I have not worked on the case in which this declaration is filed.

7.  I was the supervising attorney and lead counsel for the plaintiff in *Families for Freedom v. DHS*, 08-cv-5566 (filed June 20, 2008), which was a Freedom of Information Act case brought against the Department of Homeland Security.  The fee calculation for the agreement in that case was based on rates of $450 per hour for my work and $150 per hour for work done by law student interns.  The government did not contest those rates in that case.

8.  I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York                     _____/s/PM-9052___
       November 9, 2012                           PETER L. MARKOWITZ